UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 03-22310-CIV-TORRES

CONSENT CASE

JUANA TELLO LEMORRAY,

    Plaintiff,

vs.

GUARDIAN PRINCESS SHIPPING, S.A.;
DIMITRIOS HARALAMBOUS, *in personam*;
and M/V HELGA, her engines, boilers, tackle,
equipment, apparel, appurtenances, etc., *in rem*.

    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S PARTIAL SUMMARY
JUDGMENT ON CLAIMS FOR MAINTENANCE AND CURE**

THIS CAUSE came before the Court upon Plaintiff's Motion for Partial Summary Judgment on Claims for Maintenance and Cure (**D.E. No. 106**), filed April 4, 2006, Defendant's Response in Opposition (**D.E. No. 117**) filed June 9, 2006, and Plaintiff's Reply (**D.E. No. 122**) filed July 6, 2006. This Court has considered the motion and the pertinent portions of the record.

*I.   INTRODUCTION*

Plaintiff Juana Tello Lemorray was employed as a cook aboard the M/V HELGA, a cargo vessel owned and operated by the defendants. On August 29, 2003 plaintiff brought this action against Guardian Princess Shipping, S.A., Dimtrios Haralambous and M/V HELGA

seeking, *inter alia*, the recovery of maintenance and cure under the common law principals of maritime law from an accident that allegedly occurred on defendant's ship on June 12, 2003.

Plaintiff now moves for partial summary judgment on the maintenance and cure claims, contending that: (1) no genuine issue of material fact exists regarding plaintiff's injury and its scope; (2) Defendant owed a duty to plaintiff under shipowner's ancient duty to provide maintenance and cure for the seaman who becomes ill or is injured while in the service of the ship; (3) an ward of attorney's fees and punitive damages was proper because defendant's failure to provide maintenance and cure was willful and persistent.

## II.  STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56( c).  The moving party has the burden of showing the absence of genuine issues of material fact. *See Adickens v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  Once the moving party has met this burden by offering sufficient evidence to support the motion, the opposing party must then respond by attempting to establish the existence of a genuine issue of material fact. *See id.* at 160.

The Court must then decide which issues are material.  A fact is material when its dispute might affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986).  "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

The Court must also determine whether the dispute about a material fact is indeed genuine. In other words, is the "evidence . . . such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. *See also Marine Coatings of Alabama, Inc. v. United States*, 932 F.2d 1370, 1375 (11th Cir. 1991) (dispute of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party).

Finally, a plaintiff cannot defeat a motion for summary judgement by resting on the conclusory allegations in the pleadings. *See* Fed. R. Civ. P. 56(e); *Anderson* 477 U.S. at 248. Nor will a summary judgement motion be defeated merely on the basis of a "metaphysical doubt" about the material facts, *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), "or on the basis of conjecture or surmise." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991), *cert. den.*, 502 U.S. 849 (1991).

### III.   FACTUAL BACKGROUND

Plaintiff is a Mexican foreign national who was employed by the defendant, Guardian Princess Shipping as a crew member cook for a period of one year on one of its cargo vessels, the M/V HELGA. Plaintiff joined the vessel in Miami on May 31, 2003. On or about June 12, 2003, Plaintiff allegedly injured her knee, while in the service of the ship. She reported the alleged accident the following day to the deck officer (D.E. No. 108, Ex. B). On June 14, 2003, plaintiff was evaluated by a physician and diagnosed with osteoarthritis and was recommended light duty (D.E. No. 117). Between July 26, 2003 and August 8, 2003, plaintiff was evaluated by numerous doctors and diagnosed as suffering from synovitis of her left knee (D.E. No. 106).

Subsequently, on or about August 8, 2003, without the consent of the captain or the owner of the ship, Plaintiff left the ship and checked into the Royalton Hotel in Miami, Florida (D.E. No. 117). On August 22, 2003, Plaintiff's D1 seaman's landing card expired and she was removed from the United States back to Mexico (D.E. No. 41). Following her deportation, Plaintiff came under the care of Dr. Casanova who recommended surgery for her knee (D.E. No. 106). According to Dr. Casanova, the cost of the surgery amounted to 60,000 Mexican Pesos. *Id.*

Upon Defendants' request, Plaintiff was then examined by Dr. Feria. *Id.* Similarly to Dr. Casanova, Dr. Feria recommended a surgery of plaintiff's left knee. *Id.* Defendants offered to pay for the surgery conducted by Dr. Feria. *Id.* However, plaintiff insisted on having the surgery conducted by Dr. Casanova, and subsequently refused to undergo the treatment with Dr. Feria. *Id.*

## IV.   ANALYSIS

Maintenance and cure is an obligation on the shipowner to provide a seaman with food and lodging when he becomes sick or injured in the ship's service, and it continues until he reaches maximum medical recovery. *See Vaughan v. Atkinson*, 369 U.S. 527, 531 (1962). Fault that caused the injury is generally not considered when determining entitlement to maintenance and cure. *See Bloom v. Weeks Marine, Inc.*, 225 F. Supp. 2d 1334, 1336 (M.D. Fla. 2002). A plaintiff has the burden of proving that the injury occurred while in the service of the ship. *Gorum v. Ensco Offshore Co.*, No. Civ. A. 02-2031, 2002 WL 31528460, at *5 (E.D. La. Nov. 14, 2002). And, when an offer of proper maintenance and cure is made to a seaman, including non-hazardous surgery, he must follow the expert recommendations of

4

physicians or lose his right to recovery. *See Leocadio v. Lykes Bros. Steamship Co., Inc.*, 282 F. Supp. 573, 575 (E.D. La. 1968).

Given the facts in the record before the Court, there are a number of genuine material issues which preclude the entry of summary judgment in favor of the Plaintiff. For example, the alleged incident was unwitnessed and occurred only two weeks after Plaintiff arrived on the ship. The incident was reported more than 24 hours after its alleged occurrence. These circumstances could lead a trier of the fact to reasonably conclude that the injury occurred prior to the service on defendant's ship. Clearly, her credibility is ultimately the strongest evidence she has to support her burden, which could lead the trier of fact to find in her favor. But credibility determinations are not appropriate at the summary judgment stage. And because it is ultimately Plaintiff's burden to show that her injury occurred on the ship, there is simply not enough incontrovertible evidence in the record for the Court to make a dispositive finding that she has met her burden in this important respect.

Another disputed issue, which prevents the entry of a summary judgment, is the question whether Plaintiff reached maximum medical recovery. As noted above, Defendant's duty to provide for maintenance and cure ends once the injured seaman reaches maximum medical recovery. *See Vaughan* 369 U.S. at 531. Defendant has submitted an affidavit which states that plaintiff was seen in public, on numerous occasions, in good health, walking normally, and climbing steps without any evidence of impairment (D.E. No. 117, Ex. C). This record evidence raises a question of the severity of plaintiff's current medical condition and defendant's degree of liability.

Also, although Plaintiff was obligated to accept free medical services provided by the ship operator, she had a right to seek medical help privately if ship operator's services were

inadequate. *See Alvarez v. Bermuda Star Line, Inc.*, 898 F.2d 312, 315 (2d Cir. 1990). There is evidence that suggests that she was receiving medical treatment prior to leaving the ship and checking into the hotel in Miami. Whether her choice to leave the ship and discontinue treatment by physician provided by Defendant, as well as Plaintiff's refusal to undergo the surgery provided by Dr. Feria, were reasonable and justified is ultimately a question of fact. This too precludes the entry of summary judgment on liability as to the maintenance and cure claims.

For the foregoing reasons, the Court finds that genuine issues of material fact exist regarding Plaintiff's claim for maintenance and cure benefits. Accordingly, Plaintiff's motion for partial summary judgment is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 17th day of October, 2006.

EDWIN G. TORRES
United States Magistrate Judge

Copies provided to:
Michael F. Guilford, Esq.
Clifford A. Kornfield, Esq.